VILLAGE OF ALLEGAN *v.* CHADDOCK.

VILLAGES — CLERK OF CEMETERY BOARD — OFFICIAL BOND — LIABILITY OF SURETIES.

> Prior to the general act for the incorporation of villages (Act No. 3, Pub. Acts 1895), which provides for a board of cemetery trustees, which is invested with the management and control of cemeteries, and whose duty it is under the act to fix the price of lots and make sales thereof, the clerk of plaintiff village, who became *ex officio* clerk of the new board, had made sales of lots by authority of the council. After the act of 1895, the council passed an ordinance requiring the board to fix the price of lots and make necessary rules relating to sales, and providing that the clerk of the board, upon payment, should execute the proper deed, signed by the chairman and himself. Chapter 14, § 10, of the general act, provides that existing regulations not inconsistent with the act should remain in force. *Held*, that the sureties on the clerk's bond, conditioned for the payment of all moneys received by him by virtue of his office, were liable for his misappropriation of moneys paid for lots after the passage of the act.

Error to Allegan; Padgham, J. Submitted January 26, 1899. Decided April 18, 1899.

*Assumpsit* by the village of Allegan against Joseph W. Chaddock and Hiram A. De Lano, as sureties on the official bond of Edward J. Wagner, village clerk. From a judgment for plaintiff, defendants bring error. Affirmed.

*Charles R. Wilkes* and *Hannibal Hart,* for appellants.

*Augustus S. Butler* and *Fidus E. Fish,* for appellee.

LONG, J.  The facts in this case are not in dispute.  It appears that one Edward J. Wagner was elected clerk of the village of Allegan for the years 1895 and 1896, and gave a bond for each of these years, with defendants as sureties.  Under the old charter of the village, in 1885 a rule had been adopted, and the common council had passed a resolution, both of which provided that cemetery lots should be sold by the clerk, and the moneys received therefor paid into the village treasury.  In 1895, the legislature passed an act providing that the common council of villages should appoint three electors, who should constitute a board of cemetery trustees.  Act No. 3, Pub. Acts 1895, chap. 7, § 57.  Section 58 of that chapter provides that the village clerk shall be clerk of the board; that the common council may by ordinance invest the board with such powers and authority as may be necessary for the care, etc., of the cemetery grounds; and, in addition to these duties, said board shall perform such other duties as the common council shall prescribe.  Section 59 gives the board, subject to the directions and ordinances of the council, the management and control of the cemeteries; and further provides that the board shall fix the price of lots, and make the sales thereof.  After the passage of this act, the village clerk continued to make sales of cemetery lots, and receive the pay therefor.  During the years 1895 and 1896, he received $219 on sales of lots, and failed to pay the same over to the village treasurer.  This action was brought against the sureties on the bond, to recover the money so paid to the clerk.  The court below found in favor of the village, and entered judgment against the sureties.  Defendants bring error.

It appeared in the case that on the 15th of April, 1895, which was before the money sued for came into the hands

119 MICH.—44.

of the clerk, the common council adopted Ordinance No. 33, "relative to the appointment of cemetery trustees and their duties." By section 3 of this ordinance, it was provided, among other things, that:

" The board shall fix the price of lots, and make such rules relative to the sale thereof as is necessary, and, when a lot is paid for, the clerk shall execute a deed therefor, signed by himself as clerk of the village, and by the chairman of the board of cemetery trustees:    *    *    *    *    *    *    *    Provided, that the board of cemetery trustees shall sell no lot or lots except for cash or upon contract."

The condition in each of the bonds is that:

" If the above-bounden Edward J. Wagner shall well and faithfully in all things execute the duties of his said office, and honestly and faithfully account for and pay over, according to law and the ordinances and by-laws of said village, all the moneys received by him by virtue of his said office, then the above obligation to be void," etc.

The court found, in his seventh finding of fact, that the rule adopted by the common council, and the resolution passed by it, requiring the clerk to collect the moneys on sales of cemetery lots, had never been repealed. Section 10, chap. 14, of the act of 1895, provides that:

" The rules and regulations of the council and of any board of such village, heretofore in force, and not inconsistent with this act, shall remain in force after the passage of this act, and are hereby declared to be re-enacted."

It is contended by counsel for defendants that, under the provisions of the above act, and under Ordinance No. 33, it was not the official duty of the clerk to sell cemetery lots, or to receive money on such sales; that, if the money was received by the clerk, it was not by virtue of his office, and therefore the sureties on his bond would not be liable; that, by the rule adopted in 1885, and the resolution adopted that year, the clerk was to make sales of lots and receive the moneys thereon, but that, by section 59 of chapter 7 of the act of 1895, the sales were to be made by the board itself; that, therefore, the resolution

and rule of the council had been repealed. We think not. The clerk of the village continued to be the clerk of the board. He continued, under the direction of the board, to make sales of lots, and collected the $219 from such sales. It was the evident design of the act that the clerk should act under the direction of the board. It cannot be said, therefore, that he did not receive the money by virtue of his office. The case falls within the principles laid down in *County of Cheboygan* v. *Erratt*, 110 Mich. 156, and cases there cited.

The judgment is affirmed.

The other Justices concurred.